*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

INFINITY ACQUISITIONS, LLC,

        Plaintiff-Appellant,

v

SARDINIA, INC., doing business as SARDINIA
DEVELOPMENT, LLC, THERESA MARROCCO,
KATHERINE MARROCCO, and MICHAEL
MCLAUGHLIN,

        Defendants-Appellees.

UNPUBLISHED
August 15, 2024

No. 364938
Wayne Circuit Court
LC No. 21-010469-CB

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO*, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*).

I concur with the majority in affirming dismissal of the individual defendants, the claim of fraud in the inducement and the claim of tortious interference. However, I dissent as to the breach of contract claim. I would reverse the trial court's dismissal of that claim and remand for further proceedings.

Specifically, I disagree with the majority's holding that the letter of credit provided by plaintiff did not, as a matter of law, satisfy the earnest money requirement. Plaintiff timely delivered the letter from First State Bank. The letter stated that plaintiff's principal line of credit with them was in excess of $1 million, available for immediate use and that the bank had been instructed "that the line can be used to draw on upon your request of deposit for the sale of the property . . . . The funds are allocated for use upon immediate demand of the deposit to First Centennial Title."

I would instead conclude that a reasonable juror could find that the letter of credit—which provided access to funds many times greater than the amount of the required deposit—satisfied

---

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

this requirement.[1]  Given the existence of a question of fact, the determination is one for the jury. This view is strengthened by the fact that even after the alleged failure to provide the funds for the earnest money deposit defendant entered into an amended purchase contract without expressing any concern about the letter of credit or earnest money.

In sum, I conclude that there is a question of fact as to which party breached first–plaintiff by submitting the letter of credit or defendant by cancelling the rezoning request and selling to a third party.  I would therefore remand for further proceedings on Count I of its complaint.

/s/ Douglas B. Shapiro

---

[1] Whether the letter of credit satisfied the deposit requirement is a question of fact whether one construes the requirement as a contractual duty or a condition.